Cox's Restaurant, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Kathleen Andreano, Respondents.

Argued September 11, 1978, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*Richard J. Roberts, Jr.,* with him *Leavens, Younkin & Roberts,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, October 18, 1978:

Cox's Restaurant (Employer) has filed two petitions for review from separate orders of the Unemployment Compensation Board of Review (Board) granting benefits to Kathleen Andreano (Claimant). By order of this Court, dated August 15, 1977, these cases were consolidated.

The Employer first challenges the determination of the Board that Claimant is entitled to benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

During March of 1976, Claimant, who worked as a waitress for Employer, was afflicted by a leg ailment. Her last day of employment was March 13, 1976. Claimant did contact her Employer in April of 1976.

However, in the first week of May, 1976, when she requested a return to her previous position, she was informed that it was no longer available, as someone else had been hired to fill it. Employer, who was made aware of her medical difficulty prior to March 13, 1976, does not dispute the fact that Claimant had adequate health reasons for terminating her job. Nonetheless, it is argued that her failure to formally request a leave of absence precludes her receipt of benefits. Since the Employer was cognizant that Claimant's medical problem would necessitate her remaining away from work for some time, we cannot determine that under these circumstances she was compelled to submit a request and secure a leave of absence. Because the requirements of *Deiss v. Unemployment Compensation Board, of Review,* 375 Pa. 547, 381 A.2d 132 (1977), have been met, we conclude that the Board did not commit an error of law in deciding that Claimant terminated her employment for cause of a necessitous and compelling nature.

The Employer next challenges the Board's inclusion of Claimant's tips as wages so as to render her eligible for benefits pursuant to Section 401(a) of the Unemployment Compensation Law, 43 P.S. §801(a).

According to established procedure, Claimant and all other employees relinquished all tips to a cashier who gave them to the Employer. He retained them and subsequently made deductions for tax purposes. They were then redistributed to the waitresses with their regular pay. It is the Employer's contention that it acted merely as an administrative conduit for these funds and exercised no significant control over them and, therefore, the tips do not qualify as wages under Section 4(x) of the Unemployment Compensation Law, 43 P.S. §753(x). However, the Board determined that Employer exercised supervision and control over the

division and apportionment of tips among the employees. Our review of the record indicates that the Board's findings are supported by competent evidence. When an employer exercises significant control over the administration of the tips, thereby preventing a claimant from receiving all that she was in fact tipped, such gratuities must be included as wages in computing claimant's benefits. *Unemployment Compensation Board of Review v. Churchill Valley Country Club*, 19 Pa. Commonwealth Ct. 430, 338 A.2d 734 (1975). The Board correctly applied the applicable law. We affirm.

ORDER

AND Now, this 18th day of October, 1978, the orders of the Unemployment Board of Review, Decision No. B-142957, dated March 30, 1977, and Decision No. B-143434-B, dated July 15, 1977, granting benefits to Kathleen Andreano are affirmed.