Clarence D. Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

276 

Argued April 10, 1981, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

 

*Judith L. Jones,* for petitioner.

*Charles Hasson,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 1, 1981:

This is an appeal by claimant, Clarence D. Robinson, from an Order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying claimant benefits, for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Act).[1]

Claimant, Robinson, was employed as a shipper by Harvel Plastics, Inc. until October 16, 1979. On that date, claimant was arrested at work and imprisoned due to charges pending against him in New

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 802(e).

Jersey. On October 17, 1979, claimant contacted his employer notifying the employer of his release from jail and requesting permission to remain absent from work for the balance of the week. The employer granted claimant's request and instructed him to report to work on and no later than October 22, 1979.

On October 22, 1979, claimant neither reported to work nor advised his employer of the reason for his nonattendance. When the claimant failed both to appear for work and to contact his employer by October 24, 1979, he was discharged pursuant to the company's general rules of conduct providing for the automatic termination of any employes absent for three days without notice. Claimant had received a copy of these rules and was extremely familiar with their content.

Subsequent to his discharge, claimant applied for unemployment compensation benefits. The Office of Employment Security denied claimant's application, pursuant to Section 402(e) of the Act. The claimant appealed that determination and a referee's hearing was held at which claimant appeared unrepresented. Thereafter, the referee issued a decision affirming the determination of the Office. Claimant then perfected an appeal with the Board, which affirmed the referee's decision. Following that determination, the claimant requested reconsideration by the Board of its decision. The Board rejected the request and an appeal was filed with this Court.

Claimant appeals the Board's decision on three grounds. First, claimant argues that his employer did not sustain its burden of proving that he was guilty of willful misconduct under the Act. He states that an employer citing the violation of a company rule as a basis for a finding of willful misconduct must show that the rule does exist and that it was in fact violated. Claimant alleges that while the em-

ployer demonstrated the existence of a company policy on attendance, it did not establish claimant's violation thereof. We do not agree.

Claimant was discharged from his employment for violating his employer's policy mandating that an employee finding it necessary to miss work for any period of time must notify the Personnel Office of the reason for his absence. Failure to do so for three days results in an automatic termination of employment. Claimant's violation of that rule is manifest. He himself admitted that he neither reported to work as instructed on October 22 nor notified his employer of the reason for his absence. It is, therefore, readily apparent that claimant is guilty of willful misconduct and that his employer has met its burden in that regard.

Claimant next contends that should this Court rule that he was guilty of violating his employer's policy, it must also find that he had good cause for so doing. He argues that his incarceration prevented him from attending his job and contacting his employer to explain his absence. An employee attempting to justify his violation of a company rule bears the burden of establishing "good cause" for such a violation. *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). Our review of the instant case leads us to conclude that the claimant did not prove that he had "good cause" for breaching his employer's attendance policy. Even if claimant's imprisonment constituted good cause for his absence, it did not constitute good cause for his failure to contact his employer. *See Unemployment Compensation Board of Review v. Holley,* 24 Pa. Commonwealth Ct. 16, 353 A.2d 905 (1976).

Finally, claimant contends that he was not afforded a fair hearing by the referee and that he was

denied his due process rights. Specifically, claimant asserts that the referee, utilizing the substance of a letter from an employer representative to the Office of Employment Security, questioned claimant in an adversarial manner. In addition, claimant argues that the referee erroneously failed to inform him of his right to counsel, to present his witnesses, and to cross-examine other witnesses.

With respect to the referee's questioning of the claimant, it is our conclusion that the referee was simply discharging the duties for which he is held accountable in his position. The referee, in questioning the claimant was merely presenting the claimant with the allegations of his employer and inquiring as to their correctness. That action on the part of the referee was consistent with his responsibility to develop an adequate record. It is incumbent upon the referee, as representative or agent for the Board, to fairly develop the facts of each case to insure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, thoroughly developed, entitle the claimant to benefits. *See Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A.2d 410 (1958).

Regarding the referee's failure to advise the claimant of his rights, we find that the referee committed harmless error. We are cognizant of our Supreme Court's recent pronouncement that a referee must instruct an uncounseled claimant of his right to have an attorney, to offer witnesses, and to cross-examine adverse witnesses. *Unemployment Compensation Board of Review v. Ceja,* Pa. , A.2d (No. 45, filed March 13, 1981). However, in the instant case, the failure of the referee to so warn was neither prejudicial to the claimant nor did it materially affect his rights. Here, the claimant admitted

to his knowledge of his employer's policy as well as his noncompliance with that policy. To negate that admission on the basis of *Ceja* would be tantamount to giving the uncounseled statements of an unemployment compensation claimant the same status as that given the uncounseled statements of a criminal defendant under the *Miranda* decision.[2] We do not think that the ruling in the *Ceja* case reaches that far. Thus, we are not prepared to remand this case simply on the basis of the referee's omission.

For the above stated reasons we are compelled to affirm the Board's decision denying benefits.

### ORDER

AND Now, the 1st day of July, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-179901, denying benefits is affirmed.

Judge MACPHAIL dissents.

---

[2] *Miranda v. State of Arizona*, 384 U.S. 436 (1966).