John A. Wise, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

116

*John L. Walder*, for petitioner.

*Richard C. Lengler*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 17, 1982:

In the instant case, the Claimant,[1] seeks a remand because the referee failed to comply with Part VI of 34 Pa. Code §101.21(a) which requires the referee to give an unrepresented claimant certain instructions regarding his rights. In *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981), we held that such an omission on the referee's part required a remand. Our review of the record indicates that the referee did not give the Claimant the required instructions in this case.

The Commonwealth, however, argues that the referee's omission was not prejudicial to the Claimant and, therefore, under our holding in *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981), no remand is required. In *Robinson* we[2] said that where the failure of the referee to give appropriate instructions was neither prejudicial to the claimant nor materially

---

[1] John A. Wise.

[2] The author of this opinion dissented.

affected his rights, the error was harmless. In the case now before us, the substantive issue was whether Claimant's alleged absenteeism constituted willful misconduct. The employer presented no evidence and was not present at the hearing. A document from the records of the Office of Employment Security apparently received from the employer but not otherwise identified or authenticated was admitted over Claimant's objection. This evidence was clearly hearsay and its admission was prejudicial to the Claimant.

Being satisfied that under *Katz* and *Robinson* Claimant is entitled to a remand, it will be so ordered.

## ORDER

The order of the Unemployment Compensation Board of Review in the within matter is reversed and the case is remanded for further proceedings not inconsistent with the attached opinion.