Carl L. Golden, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

440

Submitted on briefs September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Simon B. John, John & John,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 22, 1982:

Carl L. Golden (Claimant) has appealed from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits under Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §802(b).[1]

The Board, in its brief, concedes[2] that the referee failed to comply with 34 Pa. Code §101.21(a) which

---

[1] The voluntary quit provisions.

[2] Claimant's brief also raised this failure.

requires the referee to give an unrepresented claimant certain instructions regarding his rights. In *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981), we held that such an omission on the referee's part required a remand.

The Board, however, argues that the referee's omission was not prejudicial to the Claimant and, therefore, our recent cases of *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981), and *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981), are controlling. In those cases, this Court[3] held that, where the failure of the referee to give appropriate instructions did not either prejudice the claimant or materially affect his rights, the error was harmless.

In this case, Claimant contends that ill health necessitated his leaving his job. An uncounseled claimant most likely would be unaware of the various requirements which must be proven where health reasons are asserted as grounds for termination. *See, e.g., Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). While Claimant by his own testimony[4] admitted that he did not request a leave of absence prior to quitting, he was never asked or given an opportunity to explain why he failed to request such a leave. Although the lack of formal request for a leave of absence can lend support to a finding of a voluntary quit, *McDonald v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 16, 19, 408 A.2d 1181, 1182 (1979), it is

---

[3] The author of this opinion dissented in *Robinson*.

[4] Although on this appeal he contends that a letter written to his Employer on June 30, 1980, was an implicit request for such leave.

442

clearly not determinative.[5] *McDonald; Cox's Restaurant v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 165, 392 A.2d 335 (1978). With the presence of counsel, this leave of absence issue may have been more fully explored. Thus, the failure to inform Claimant of his right to counsel directly affected the presentation of Claimant's case.

Furthermore, our review of the record discloses that, while the employer's agent was given an opportunity to cross-examine the Claimant, a similar opportunity to cross-examine the agent was never offered Claimant. Such cross-examination may also have shed further light on the matters at issue in this case.

Being satisfied that the failure to instruct the Claimant as to his rights resulted in a prejudicial hearing, we believe the Claimant is entitled to a remand. It will be so ordered.

ORDER

The order of the Unemployment Compensation Board of Review in Decision No. B-189600 is reversed and the case is remanded to the Board for proceedings not inconsistent with this opinion.

---

[5] The crucial question is of course whether the Claimant has made a reasonable good-faith effort to maintain the employment relationship. *See Genetin v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 133, 136, 433 A.2d 565, 566 (1981).