Frank Colachino, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

354

Submitted on briefs November 17, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*O. Randolph Bragg,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 14, 1982:

In this unemployment compensation case, claimant Frank Colachino has appealed from a denial of benefits after his employer, a manufacturing concern, terminated him from his job as a machine operator on the ground of willful misconduct, for failure to work overtime when requested.

Unchallenged board findings 3 and 4 establish that the claimant was aware of the seasonal nature of the industry, requiring mandatory overtime between July and the end of the year. The claimant's appeal questions other findings which read:

355

5. Claimant was verbally warned regarding his failure to work scheduled overtime on July 26, 1980.

6. Claimant was scheduled to work overtime September 20, and 21, 1980, and the work order was posted several days in advance.

8. Claimant was told that if he did not work the required overtime, he would not have a job to come back to on Monday.

An additional finding, that the claimant refused to work the required overtime for personal reasons, is undisputed.

The claimant, in addition to questioning the record basis for the three findings quoted above, contends that his refusal to work was justified by necessity, and also claims that we should remand for a new hearing because the referee did not advise him of his entitlement to counsel and other rights, as required by 34 Pa. Code §101.21(a), *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981).

However, to avoid unneeded additional proceedings, we have declined to remand when scrutiny of the record clearly supports a claim by the board that the claimant suffered no prejudice because of the referee's omission. *Robinson v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981); *Snow v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981). *Cf. Wise v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 115, 450 A.2d 314 (1982). We have examined the record, simultaneously with reviewing the other issues, to determine if prejudice was the result.

Although the claimant contends that the fifth and sixth findings —that claimant was warned regarding failure to work overtime on an earlier occasion, and

that the overtime order in question was posted in advance—are based on hearsay, we find no indication that they were.[1] As to the sixth finding, the witness clearly testified that "we posted the work order up on Thursday."

Most importantly, the record shows no basis for upsetting the eighth finding, that the claimant was warned of termination if he did not work the requested overtime. That finding is based upon a clear admission by the claimant that he was thus warned.[2]

We find insufficient justification for the claimant's refusal. He testified that, because his "parents are old and under the doctor's care," he had "things to do around the house . . . ." Such personal concerns, not rising to a level of necessity, provide no warrant for the refusal. *Robertson v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 307, 417 A.2d 293 (1980).

Finally, returning to the key issue of prejudice arising from a lack of advice as to legal rights, we perceive that the claimant, with the aid of counsel, might have succeeded in weakening or eliminating the testimony of the general foreman by cross-examination exploring the basis for his statements. However, the key findings would nevertheless rest upon the claimant's own forthright admission, in which he acknowledged that he rejected the overtime work and that he was warned of termination for failure to do so. We

---

[1] Those findings rest upon testimony of the employer's general foreman, who testified that, as to the earlier occasion, the claimant "was issued a slight verbal warning." Although the witness spoke in the passive voice, there is no indication that firsthand knowledge was not the basis.

[2] The claimant's testimony was:

When I told them on Friday, September 19th, that if I wasn't coming in on Sat. or Sunday, they told me not to bother coming in on Monday. However, I did report on the 22nd and that is when I was told there was no work for me.

cannot bring ourselves to hold that we should consider the claimant prejudiced for lack of advice to withhold that forthright acknowledgment.

We therefore affirm.

ORDER

Now, December 14, 1982, the order of the Unemployment Compensation Board of Review dated March 30, 1981, decision No. B-193788, is affirmed.