Richard Chapman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*John P. Bogdanovicz,* with him *Mark A. Schneider,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 12, 1983:

Richard Chapman (Claimant) appeals from an Unemployment Compensation Board of Review (Board)

order affirming a referee's benefit denial under Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant, a floor boy at a clothing factory, having amassed a record of absenteeism and tardiness with concomitant warnings and suspensions, was discharged after properly reporting his absence due to an alleged illness one day after having received a final warning regarding his absenteeism. The Board, concluding that Claimant's last absence was unjustified, affirmed that part of the referee's order denying benefits under Section 402(e) of the Law.

The referee, below, did not comply with 34 Pa. Code §101.21(a) which directs a tribunal to advise unrepresented claimants of their right to secure counsel, to cross-examine adverse witnesses and to offer witnesses. Contending that the referee's omission precluded a full and fair adjudication of his claim by adversely affecting the presentation of his case, Claimant seeks a remand. *See, Mayberry v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 611, 457 A.2d 182 (1983); *Golden v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 439, 451 A.2d 573 (1982). The Board, however, perfunctorily argues that the referee's failure to apprise Claimant of his rights was harmless error, thus obviating the necessity for a remand. *See, Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981); *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981). We disagree.

In *Robinson*, the referee's omission constituted harmless error because of claimant's inculpatory

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

testimony. *Id.* at 279-280, 431 A.2d at 380. Similarly, we concluded in *Snow*, that the referee's omission was not prejudicial inasmuch as the uncontroverted facts were presented clearly and concisely to the referee by claimant. *Id.* at 403, 433 A.2d at 925.

Both *Robinson* and *Snow* are inapposite to the case *sub judice.* In the "Summary of Interview" form and in appeal petitions filed from determinations of the Office of Employment Security and the referee, Claimant has alleged that partial disability resulting from a fractured right hand necessitated his last day of absence. Further, while not precisely asserting same before the referee, Claimant did state generally, without more, that he had a "legal excuse" for reporting off work. The referee failed to request further explanation pertinent to Claimant's alleged justification for reporting absent.[2] Thus the Board in affirming the referee, concluded that Claimant, on the last absence, engaged in wilful misconduct for reporting off work without justification.

Claimant, however, being unrepresented, was unable to establish, explore and develop fully the alleged relationship between his hand injury and his last absence. Absences are disqualifying only if unjustified or not properly reported according to employer's rules or directives. *Pauline v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 267, 423 A.2d 55 (1980). Counsel's presence may have facilitated further exploration and development of the issue of Claimant's hand injury and the possible effect such condition had on Claimant's motives in reporting absent on his last work day. *See, Mayberry; Golden.*

------

[2] We note that a referee is required to give uncounseled claimants "every *assistance* compatible with the impartial discharge of [the referee's] official duties." 34 Pa. Code §101.21(a). (Emphasis added.)

We therefore conclude that the referee's failure to apprise Claimant of his right to counsel was prejudicial inasmuch as the omission adversely affected the presentation of Claimant's case.

Accordingly, we order a remand.

ORDER

AND Now, this 12th day of September, 1983, the Order of the Unemployment Compensation Board of Review, dated October 7, 1981, at Decision No. B-200028, is vacated and the record is remanded for a new hearing consistent with this Opinion.

Jurisdiction relinquished.