# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl J. Greco, P.C.      :
a/k/a Greco Law Associates, P.C., :
        Petitioner  :
             :
    v.       :  No. 304 C.D. 2017
             :  Argued: December 7, 2017
Department of Labor and Industry, :
Office of Unemployment    :
Compensation Tax Services,   :
        Respondent :

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
       HONORABLE ANNE E. COVEY, Judge
       HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION**
**BY JUDGE SIMPSON**      **FILED: January 4, 2018**


    Carl J. Greco, P.C. a/k/a Greco Law Associates, P.C. (Greco PC) seeks review of a final decision of the Department of Labor and Industry (Department). The Department denied a petition for reassessment of unemployment compensation (UC) taxes under the Unemployment Compensation Law (UC Law).[1] The Department concluded that payments from Greco PC to its sole shareholder and officer, Carl J. Greco, Esquire (Attorney Greco), were subject to UC taxation based on Attorney Greco's service as a corporate officer. Upon review, we affirm.

---

   [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §§751-919.10.

# I. Background

Greco PC is a statutory S corporation. Greco PC is an employer under the UC Law. Attorney Greco is Greco PC's sole shareholder, officer, and director. He has sole control over all business activities. He decides what clients to accept, what fees to charge, and what employees to hire and fire.

Attorney Greco does not collect a salary. Both he and Greco PC have characterized all payments from Greco PC to Attorney Greco as net profit distributions to him as sole shareholder. Greco PC did not pay UC taxes on the distributions to Attorney Greco.

Following an audit, the Pennsylvania Office of Unemployment Compensation Tax Services (UC Tax Services) reclassified Attorney Greco as an employee for UC tax purposes and assessed UC taxes on Greco PC's distributions to him. Greco PC filed a petition for reassessment, which the parties submitted to the Department for a decision on briefs.

The Department issued a final decision denying the petition for reassessment. The Department focused its analysis on Attorney Greco's status as an officer of Greco PC. The Department apparently did not dispute that both Greco PC and Attorney Greco characterized the monies at issue as distributions of net profits. Nevertheless, it concluded that as an officer, Attorney Greco is an employee for UC tax purposes.

Greco PC filed a timely petition for review with this Court.

2

## II. Issues

On appeal,[2] Greco PC presents four related issues for review, which we paraphrase as follows: (1) the Department's findings are not supported by substantial evidence because the Department failed to find that Attorney Greco is self-employed and not employed by Greco PC, and because there is no evidence of a contract for hire between Greco PC and Attorney Greco; (2) the Department committed legal error in concluding that Attorney Greco was an employee and that Greco PC's distributions to him were made with respect to employment; (3) the Department committed legal error in assessing UC taxes in light of Attorney Greco's ineligibility for UC benefits; and, (4) the Department committed legal error by relying on federal employment tax laws to support its analysis under the UC Law.

Because Greco PC's arguments are closely related, we address them together.

---

[2] Our review of a final decision by the Department is limited to determining whether the Department lacked substantial evidence for a material finding of fact, made an error of law, violated the petitioner's constitutional rights, or failed to follow agency procedures. Ductmate Indus. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008) (citation omitted). Substantial evidence is relevant evidence sufficient to allow a reasonable mind to reach a conclusion. Kauffman Metals, LLC v. Dep't of Labor & Indus, 126 A.3d 1045 (Pa. Cmwlth. 2015), appeal denied, 135 A.3d 588 (Pa. 2016). This Court examines the evidence in the light most favorable to the party that prevailed before the agency, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. Danielle Viktor, Ltd. v. Dep't of Labor & Indus., Bur. of Emp'r Tax Operations, 892 A.2d 781 (Pa. 2006).

Where an issue is one of statutory interpretation, it is a question of law subject to plenary review. Id.

## III. Discussion

Section 4(i) of the UC Law defines an "employee" as including "every individual … who is performing or … has performed services for an employer in an employment subject to this act." 43 P.S. §753(i). Section 4(j)(1) of the UC Law defines an "employer" as including "every corporation … which employed or employs any employe in employment subject to this act for some portion of a day during a calendar year …." 43 P.S. §753(j)(1).

Greco PC asserts that Attorney Greco is not an employee because he is self-employed. Because his alleged self-employed status would make him ineligible for UC benefits, Greco PC argues Attorney Greco cannot be an employee for UC tax purposes either. Pennsylvania law is settled to the contrary. In Bagley & Huntsberger, Inc. v. Employer Accounts Review Board, 383 A.2d 1299 (Pa. Cmwlth. 1978), this Court expressly rejected the precise argument Greco PC asserts here. This Court found that ineligibility for UC benefits does not equate with non-employee status for UC tax purposes. Accord Lafond v. Unemployment Comp. Bd. of Review, 399 A.2d 460, 562 (Pa. Cmwlth. 1979) (citing Bagley & Huntsberger; holding that collection of UC taxes on shareholder-officers did not entitle them to UC benefits).

Greco PC also argues that Attorney Greco is not an employee because his income consists of net profit distributions he receives as Greco PC's sole shareholder. Greco PC steadfastly maintains that it pays Attorney Greco only shareholder distributions and not wages. Similarly, Greco PC insists that it exercises no direction or control over Attorney Greco's performance of his services and that

4

he customarily engages in an independently established profession. Significantly, the record contains no evidence to support these assertions, such as corporate or personal tax returns or other records.

Greco PC bears a heavy burden to establish entitlement to a reassessment of UC taxes. See Hoey v. Dep't of Labor & Indus., 499 A.2d 1124 (Pa. Cmwlth. 1985). Greco PC, as the party with the burden to demonstrate entitlement to a reassessment, did not submit any evidence of the facts it asserted in support of the reassessment.

However, the Department did not contest Greco PC's characterization of the payments or its lack of control or direction of the performance of Attorney Greco's services. Rather, the Department accepted those facts, but nevertheless determined that Attorney Greco received payments by reason of employment. That determination was a legal conclusion based on the undisputed facts. See Danielle Viktor (determination of an employee/employer relationship is a question of law).

Section 4(*l*)(1) of the UC Law defines "employment" as including "all personal service performed for remuneration by an individual under any contract for hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation." 43 P.S. §753(*l*)(1) (emphasis added).

Greco PC contends that although Attorney Greco is a corporate officer, he receives no money in that capacity. Instead, he receives only his profit distributions as a shareholder. The UC Law includes "service as an officer of a

5

corporation" in its definition of "employment," but does not include shareholder status as "employment." See 43 P.S. §753(*l*)(1). Greco PC asserts that Attorney Greco's status as an officer does not convert shareholder distributions into payments subject to UC taxation.

The designation of payments as shareholder profit distributions, however, does not determine Greco PC's UC tax responsibility. Assuming Attorney Greco received the payments as shareholder distributions, this Court agrees with the Department that those payments are still subject to UC taxation. See Labe's Men's Shop v. Young, 35 Pa D. & C.2d 135 (C.P. Dauphin 1964). This Court relied on the analysis set forth in Labe's Men's Shop in Bagley & Huntsberger.

Greco PC also argues that Section 4(*l*)(1) is conjunctive in nature, such that a corporate officer must also be engaging in service under an express or implied contract of hire in order to be engaged in employment for UC tax purposes. This Court rejects such a reading of the statutory language. The Department correctly reasoned that both the plain language of Section 4(*l*)(1) and common sense support the legislature's intent that service as a corporate officer would stand alone as constituting employment. See 1 Pa. C.S. § 1903.

More importantly, even were this Court to accept Greco PC's construction of Section 753(*l*)(1) as otherwise tenable, we would still agree with the Department's conclusion that service as a corporate officer is employment within the meaning of the UC Law. Applicable federal employment laws, incorporated into

6

the UC Law, unequivocally make service as a corporate officer "employment" for UC tax purposes.

Section 4(*l*)(6) of the UC Law defines "employment" as including any activity defined as employment by federal statutes or regulations governing employment taxes, without regard to any self-employment issue under the UC Law:

> Notwithstanding any of the other provisions of section 4(*l*), services shall be deemed to be in employment, if with respect to such services a tax is required to be paid under any Federal law imposing a tax, against which credit may be taken for contributions required to be paid into a State Unemployment Compensation Fund or which as a condition for full tax credit against the tax imposed by the Federal Unemployment Tax Act[3] [FUTA] are required to be covered under this act.

43 P.S. §4(*l*)(6) (emphasis added).

Similarly, Section 4(x)(6) of the UC Law defines "wages" as including payments subject to federal employment taxes, also without regard to any self-employment issue under the UC Law:

> Notwithstanding any other provisions of this subsection, wages shall include all remuneration for services with respect to which a tax is required to be paid under any Federal law imposing a tax against which credit may be taken for contributions to be paid into a state unemployment fund or which as a condition for full tax credit against the tax imposed by [FUTA] are required to be included under this act.

43 P.S. §753(x)(6) (emphasis added).

---

[3] August 16, 1954, ch. 736, Sec. 1(d) [Internal Revenue title, chapter 23], 68A Stat. 439, as amended, 26 U.S.C. §§3301-3311.

In its final decision, the Department correctly stated that Section 4(*l*)(6) of the UC Law includes in the definition of "employment" any services subject to taxation under FUTA, which incorporated the definition in the Federal Insurance Contributions Act (FICA).[4] See 43 P.S. §753(*l*)(6). FUTA (through FICA) defines a corporate officer as an "employee" for employment tax purposes. See 26 U.S.C. §§3121(d), 3306(i). The language of the statutory definition is unqualified. It defines an "employee" as including "any officer of a corporation …." 26 U.S.C. §3121(d)(1). There is no requirement that the officer be employed at a salary or under any express or implied contract of service. Courts in Pennsylvania recognize that the UC Law includes as "wages" any payments subject to taxes under FUTA. See Wilkes-Barre Council of Newspaper Unions v. Office of Emp't Sec., 426 A.2d 1294 (Pa. Cmwlth. 1981); Golfview Manor, Inc. v. Dep't of Labor & Indus., 414 A.2d 722 (Pa. Cmwlth. 1980).

Moreover, federal courts interpreting FUTA have expressly determined that profit distributions to shareholders of S Corporations are subject to FUTA taxation. In Nu-Look Design, Inc. v. Commissioner, 356 F.3d 290 (3d Cir.), cert. denied, 543 U.S. 821 (2004), the Third Circuit held that an S Corporation was subject to FUTA taxation on profit distributions to its sole shareholder, based on his services as a corporate officer.

The Third Circuit in Nu-Look also cited with approval a Seventh Circuit decision, Joseph Radtke, S.C. v. United States., 895 F.2d 1196 (7th Cir.

---

[4] August 16, 1954, ch. 736, Sec. 1(d) [Internal Revenue Title, chapter 21], 68A Stat. 415, as amended, 26 U.S.C. §§3101-3128.

1990), in which the court addressed and rejected the exact argument under FUTA that Greco PC asserts here. Like Attorney Greco, Radtke was an attorney and the sole officer and shareholder of his S corporation. Radtke received no salary, only shareholder dividends based on the corporation's profits. The Seventh Circuit found that payments made as dividends rather than a salary were not exempt from taxation under FUTA. Id.

This Court defers to federal courts' holdings on questions of federal employment tax law. See Jay R. Reynolds, Inc. v. Dep't of Labor & Indus., 661 A.2d 494 (Pa. Cmwlth. 1995). As discussed above, federal courts construe FUTA as imposing employment tax on S Corporations for shareholder distributions made to corporate officers; service as a corporate officer constitutes "employment" under FUTA. Therefore, this Court concludes that such distributions are likewise subject to UC taxation based on the definition of "employment" in Section 4(*l*)(6) of the UC Law, which includes services defined as such under FUTA.

Greco PC failed to rebut this conclusion. In its principal brief, Greco PC offered merely a bald assertion that federal tax law definitions of "employment" are inapplicable under the UC Law. Greco PC cited no authority for and did not otherwise develop this assertion. It therefore waived this argument. Berner v. Montour Twp., 120 A.3d 433 (Pa. Cmwlth. 2015).

Although Greco PC attempted to bolster the argument in its reply brief, "a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief." Commonwealth v. Fahy, 737 A.2d 214, 219 n.8 (Pa.

9

1999). Moreover, regardless of waiver, Greco PC provided no basis to overcome the clear applicability of the FUTA definition of "employment" to corporate officers and to the definition of "employment" under the UC Law. Greco PC focused its argument on application of the federal requirement that shareholder employees of S corporations must receive reasonable salaries, and on whether the UC Law imposes a similar requirement. This argument missed the mark. Greco PC still failed to refute, or even address, the straightforward statutory language providing that service as a corporate officer constitutes employment for federal employment tax purposes. Under Section 4(*l*)(6) of the UC Law, service as a corporate officer constitutes employment for UC tax purposes as well.

### III. Conclusion

For the foregoing reasons, we affirm the Department's decision.

ROBERT SIMPSON, Judge

10

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Carl J. Greco, P.C.           :
a/k/a Greco Law Associates, P.C.,  :
               Petitioner  :
                    :
          v.           :   No. 304 C.D. 2017
                    :
Department of Labor and Industry,  :
Office of Unemployment      :
Compensation Tax Services,     :
              Respondent  :

# **O R D E R**

**AND NOW**, this 4th day of January, 2018, the decision of the Office of Unemployment Compensation Tax Services is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge