Dorothy J. Shaffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 1, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Donald Marritz,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 3, 1984:

Dorothy J. Shaffer, (Claimant), appeals from an order by the Unemployment Compensation Board of Review (Board), affirming a decision by the referee which denied benefits to the Claimant.

The Claimant was employed as a draftsman/surveyor from September of 1978 until June 21, 1982. Her duties were divided between surveying (outdoors) and drafting (indoors). On May 24, 1982 the Claimant informed her employer that on the recommendation of her physician she would be unable to continue her outdoor work because of her pregnancy. Claimant also advised her employer that she would like a maternity leave of absence to begin on June 10, 1982. The duration of the leave of absence was not made clear to the employer nor was it defined at

the referee's hearing. The employer gave the Claimant only indoor work from May 24 until she left, and hired a replacement employee to work part-time until June 10, and full-time thereafter.

Claimant filed an application for benefits on June 6, 1982, which was denied. She then sought to rescind her request shortly before her leave of absence was to begin. The employer explained that he had already hired a replacement who expected to switch from part-time to full-time on June 10, but that he would give her what he could in the nature of indoor drafting work after June 10. The Claimant's duties have been fully assumed by the replacement and the Claimant worked a few days between June 6 and June 21, but has not been offered work since June 21, 1982.

Among the many issues contained in this case first and foremost is whether or not the Claimant voluntarily terminated her employment.

In a case with remarkably similar facts this Court held that where the claimant takes a temporary leave of absence with the expectation of returning to work, she must take reasonable steps to preserve her employment by manifesting an intention not to abandon the labor force. *Gillooly v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 20, 462 A.2d 958 (1983). A determination of whether or not the Claimant expressed such an intention to her employer is essential; without it, the leaving may be construed either as a temporary leave of absence or as an abandonment of the labor force. *Flannick Unemployment Compensation Case*, 168 Pa. Superior Ct. 606, 610, 82 A.2d 671, 673 (1951).

In the case before us the referee made no factual determination on the intention issue. His only finding related to this issue was that the Claimant advised her employer that she would begin a maternity leave

of absence on June 10, 1982, and that she would be unavailable for work thereafter. The referee did find that there had been a voluntary termination but this finding was based solely on whether the Claimant's attempt to rescind her ''resignation'' was effective.

After a careful review of the record we believe that there is no substantial evidence to support the referee's finding that the Claimant voluntarily terminated her employment. Under *Gillooly* the Claimant had to manifest an intention to return to the labor force. The record reflects ample evidence which shows that the Claimant expressed her desire to return to work following the birth of her child and that her employer was aware of her intention.[1] Having decided that the Claimant did not voluntarily terminate her employment we need not address the question of a ''necessitous and compelling'' reason. Accordingly, we reverse the decision of the Unemployment Compensation Board of Review and order that benefits be granted.

### ORDER

AND Now, April 3, 1984, the order of the Unemployment Compensation Board of Review, dated Oc-

---

[1] Transcript of referee's hearing, p. 9:

Referee: Yea but was it to be a leave or was she quitting, was she severing her employment rela. . . . What was your understanding? Was she severing her employment relationship never to return on June 10th, or was she merely requesting that she be given a temporary leave of absence?

Employer: She said that she was taking a maternity leave as of June 10th.

Referee: And she would be returning when her condition permitted, how did you understand that?
Employer: That is what she told me, *she would be available for work whenever, ah, she was able to come back to work again.* (Emphasis added.)

312

tober 1, 1982, is hereby reversed and remanded for the computation of benefits.

Jurisdiction relinquished.