Andrew J. Renosky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued August 24, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Joseph Kubacki, Jr.,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

PER CURIAM, September 17, 1981:

The issue in this unemployment compensation case is that of whether the claimant had cause of a necessitous and compelling nature for leaving his work as an oil well rigger when the rig and its crew were to be moved from Indiana County, where the claimant lives, to a place in West Virginia 200 miles away. The claimant who is 25 years old lives with his parents and asserted as his cause for quitting rather than moving with the rig and the rest of the crew to West Virginia the fact that his 71-year-old father is ill and that he is needed at home to assist his mother in case there was some emergency regarding his father's condition of health. He agreed at the hearing that he would be able to go home from West Virginia over weekends. His hourly wages were $5.25 and he would have received $20 per day living expenses while in West Virginia. The claimant's testimony both as to his father's condition of health and as to his mother's abilities to cope with emergencies lack specificity; and there is no indication whatsoever of exploration of alternatives for meeting emergencies in the absence of the claimant's daily presence in the home or of alternatives for meeting his parents' other needs. We cannot say that the Board of Review erred in concluding that the claimant had not presented good cause for leaving his work.

Order affirmed.

PER CURIAM ORDER

AND Now, this 17th day of September, 1981, the order of the Board of Review dated June 15, 1980 is affirmed.

## Per Curiam Amended Order

And Now, this 21st day of September, 1981, the Per Curiam Order filed September 17, 1981, in the above-captioned case is hereby amended to read as follows:

And Now, this 17th day of September, 1981, the order of the Board of Review dated August 19, 1980 is affirmed.