Kathleen A. Gillooly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Caldwell Manufacturing Company, Intervenor.

Submitted on briefs June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Margaret A. O'Connor,* for petitioner.

*Bruce E. Rodger, Kassab, Cherry and Archbold,* for intervenor.

No appearance for respondent.

OPINION BY JUDGE MACPHAIL, July 26, 1983:

Kathleen A. Gillooly (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment compensation benefits on the grounds that Claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature and that she was not able and available for suitable work at the time she filed her application for benefits. *See* Sections 402(b) and 401(d)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§802(b), 801(d)(1).

Claimant, who was last employed by the Caldwell Manufacturing Company (Employer)[1] as a secretary, left her employment on December 19, 1980 in order to give birth to her child, apparently that same day. The referee found that prior to her departure Claimant trained a replacement secretary, did not request a leave of absence and informed her Employer that she did not intend to work for at least six months following the birth of her child. In actuality, Claimant con-

---

[1] Employer has intervened in the instant appeal.

tacted the Employer less than two months later, on February 10, 1981, and expressed a desire to return to work part-time on a shift different from that on which she had worked previously. Since Employer had no such positions available, Claimant applied for unemployment compensation benefits. Following a hearing, the referee denied benefits under Sections 402(b) and 401(d)(1) of the Law. The Board affirmed, and Claimant perfected her appeal to this Court.

Claimant has raised several issues in her appeal, the first of which concerns the referee's conclusion, which was affirmed by the Board, that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature. Claimant contends that the birth of her child provided an immediate health reason justifying her temporary absence from work and that she thought she would be returning to work in some capacity with Employer after her eight week disability insurance benefits ended. Claimant challenges the referee's finding that "she did not intend to work for at least six months after the birth of her child." With regard to the referee's finding that Claimant failed to request a leave of absence, which Employer contends must be made in writing, Claimant argues that she was unaware of Employer's policy regarding leaves of absence.

Claimant, of course, bears the burden of proving that her voluntary termination was based on necessitous and compelling reasons. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). Claimant must establish that she acted with ordinary common sense in leaving her job and that she made a reasonable effort to preserve her employment. *Stiffler v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 44, 438 A.2d 1058 (1982). Moreover, we have recently reaf-

firmed the rule that where a claimant leaves her employment due to a temporary disability with the expectation of later returning to work, she must in some way manifest an intention not to abandon the labor force. *Check v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 47, 423 A.2d 1140 (1981). The Superior Court, in a case quite similar to the one now before us, noted that the rule regarding temporary disabilities is of particular significance "where the leaving is an equivocal act, as where a pregnant woman leaves her employment and the leaving can be construed either as a temporary absence or an abandonment of the labor force." *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 610, 82 A.2d 671, 673 (1951).

In the instant case we must conclude, based on the referee's fact findings, that Claimant failed to manifest her intention not to abandon the work force. The referee, in fact, found that Claimant affirmatively expressed her intention *not* to return to work for a substantial length of time following the birth of her child. This finding is supported by the following testimony of an Employer representative:

> [Claimant's] statement to me was that she did not wish to return after the birth of the baby. She wanted to stay home with the baby for at least a period of six months possibly a year. She didn't feel that it would be proper to return to work after the baby was born. . . . When Kathy decided not to return to work; it was a definite decision that she would not come back after the baby was born; I then proceeded to hire a permanent employee to replace her position.

Although there is also conflicting testimony in the record regarding Claimant's intentions, such conflicts are for the fact-finder, and not this Court, to resolve.

*Check.* We conclude, as did the Board and referee, that Claimant has failed to establish that her voluntary termination was based on cause of a necessitous and compelling nature.[2] Our ruling is based on Claimant's failure to take reasonable steps to preserve her employment relationship.[3]

Since we conclude that Claimant is ineligible for unemployment compensation benefits under Section 402(b) of the Law, we consider it unnecessary to address the issue of whether or not Claimant was able and available for suitable work under Section 401(d)(1). We also will not consider Claimant's argument that a finding of ineligibility under Section 402(b) violates her rights not to be discriminated against by reason of sex or marital status. This issue was not raised before the unemployment compensation authorities and may not be raised for the first time on appeal. *See* Pa. R.A.P. 1551(a).

---

[2] We observe that the referee in reaching this legal conclusion relied on the standard set forth by our Supreme Court in *Deiss* for determination when a claimant who terminates his employment for health reasons does so with cause of a necessitous and compelling nature. In citing the *Deiss* test, however, the referee incorrectly included the requirement that the claimant specifically request a transfer to a more suitable position. Our Supreme Court has recently made it clear that the standards set forth in *Deiss* do not include the requirement of a transfer request. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). We observe that such a requirement would be particularly inapplicable to a case, as here, involving a total temporary disability. We think the crucial issue in the instant case is whether Claimant acted in a reasonable manner to preserve her employment relationship.

[3] As we have noted, the referee and Board found that Claimant affirmatively asserted her intention not to return to work for at least six months, a time period well in excess of her temporary disability due to childbirth. We, accordingly, need not determine the effect which Claimant's failure to properly request a leave of absence might otherwise have had on her application for benefits.

Claimant's final argument is that her due process rights were violated by the referee's failure to advise her at the time of the hearing of her right to have witnesses subpoenaed. Although it is not at all clear that a subpoena would have been necessary to obtain the appearance of the pertinent witness, Claimant's own physician, we observe that the evidence sought to be elicited would relate solely to the issue of when Claimant became able and available for suitable work following the birth of her child. Since we have ruled that that issue need not be addressed in this appeal, any error of the referee must be deemed harmless. We, accordingly, will not determine whether an uncounseled claimant has the right to be advised of the referee's power to issue subpoenas.

Order affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-194643, dated April 24, 1981, is hereby affirmed.