Susan M. Kieley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1983, to Judges CRAIG, DOYLE and BARBIERI, sitting as a panel of three.

*Christopher C. Straub, Allison & Pyfer,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, March 6, 1984:

Susan M. Kieley (Claimant) comes before this Court seeking review of an order of the Unemployment Compensation Board of Review sustaining the decision of a referee denying benefits on the ground of Claimant's ineligibility under Section 402(b) of

the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). We will affirm.

Claimant voluntarily terminated her employment as rental and leasing manager for an automobile dealer after serving in that capacity for eight weeks. The record shows that Claimant agreed to accept the position on a temporary basis as a favor to a former supervisor, and that she was then offered a permanent position when she performed her duties well.

A claimant seeking benefits, of course, who has voluntarily terminated his or her employment, has the burden of proving that he or she had a necessitous and compelling reason for taking this action. *Cowls v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 150, 417 A.2d 722 (1981). "[S]uch a claimant must establish that he made a reasonable effort to preserve his employment and that he had no real choice but to leave his employment." *Id.* at 153, 427 A.2d at 723.

Here, the referee found as a fact based on Claimant's testimony that "Claimant voluntarily terminated her position because it was too far to drive (50 miles one way) and because her parents were ill and her help was needed at home."

With respect to the question of distance, we have held that even a sixty mile commute to work, without more, is not a necessitous and compelling reason for terminating employment, *Musguire v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 137, 415 A.2d 708 (1980), and we similarly believe here that a reasonable person would not have terminated his or her employment simply because the employment was located fifty miles away.

Similarly, we do not believe that Claimant enunciated sufficient "personal" reasons to meet her bur-

den of establishing a necessitous and compelling reason for terminating her employment. Before the referee Claimant, who is single, testified that her parents, her brother, and herself lived on her parents' farm in Lancaster County. Claimant further testified that her mother was receiving kidney dialysis, that her father had a number of eye operations, and that she did not feel comfortable being away from home. The only testimony offered as to the nature of her home responsibilities was Claimant's statement that she had "other responsibilities at home as a housewife, taking care of the house and the laundry, cleaning, and so on and so forth."

While it is indeed true that domestic obligations can, in certain extenuating circumstances, constitute a necessitous and compelling reason for terminating employment, where they compel an individual to leave his or her job, *Davis v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 585, 452 A.2d 93 (1982) (Illness of spouse who required constant care); *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978) (Inability to find child care services for two minor children during a night shift), such extenuating circumstances are not present here. Instead, we believe that the present case is most similar to our decision in *Colachino v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 353, 453 A.2d 72 (1982), where we held that a claimant who refused to work overtime because his "parents [were] old and under the doctor's care" and because he had "things to do around the house" was ineligible for benefits because of willful misconduct. Although decided under Section 402(e) of the Law, 43 P.S. §802 (e), we believe our reasoning in *Colachino* is equally applicable here. We shall accordingly affirm.

## ORDER

Now, March 6, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-210799, dated October 14, 1982, is affirmed.

---

DISSENTING OPINION BY JUDGE DOYLE:

The facts in the case presented *sub judice* are unique but they clearly establish that the understanding of employment between the Claimant and her employer was for a position on a temporary basis *only* and that the Claimant accepted the position in detriment to her own family situation and as a favor to the employer. The referee found as such in finding #3 and the majority has accepted that employment agreement as a beginning thesis. It was not the Claimant, therefore, who deviated from this employment contract nor terminated the employment under its terms; it was rather the employer who terminated when it insisted that the Claimant work full time on a regular basis. The Claimant should not therefore be put in the position of shouldering the burden of proof to establish that she voluntarily terminated her employment for a necessitous and compelling reason, but only that, once terminated by the employer, she refused to accept "suitable work" under the delimiting circumstances of Section 402(a) of the Law, 43 P.S. §802(a) (rather than the application of Section 402(b), 43 P.S. §802(b)).

In this posture, the Claimant need only establish that she refused work which was "unsuitable," *i.e.* where the "remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality. . . ." Section 4(t) of the Law, 43 P.S. §753(t). Here, the witness for the employer, who

hired the Claimant and who readily agreed that the position originally offered Claimant was temporary only, responded to a question by the referee:

Q. Well, if she had wanted to, she could've continued to work if she wanted to, right?

A. Yes, if she didn't mind getting up at four in the morning and getting home at eight or nine at night.

Under the Claimant's established circumstances, *i.e.*, a 100 acre family dairy farm to attend to, a mother with kidney disease who required kidney dialysis and a father who, because of three eye operations over a period of two months, was not able to attend to the chores of the farm, the permanent position offered claimant at a fifty mile distance was not "suitable work."

In addition, I would note that even if the termination is viewed as a "voluntary quit," a substantial unilateral change in the terms and conditions of employment may be cause of a necessitous and compelling nature, *Johnson v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 303, 450 A.2d 1095 (1982); *National Aluminum Corp. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 359, 429 A.2d 1259 (1981).

I therefore respectfully dissent.