Ruth J. Brown, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 9, 1985, to Judges MAC-PHAIL, BARRY and PALLADINO, sitting as a panel of three.

*Robert Senville,* for petitioner.

*John W. English, Jr.,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, August 16, 1985:

Ruth J. Brown (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits to Claimant pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1]

The Board found as fact[2] that on her last day of work for the County of Berks (Employer), August 19,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Section 402(b) of the Law provides in pertinent part that for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature" an employee is not eligible for unemployment compensation benefits.

[2] The record contains substantial evidence to support the Board's findings of fact; these findings, therefore, are conclusive on us. *Wright v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 506, 445 A.2d 556 (1982). The Board must resolve any conflicts in the evidence presented, determine credibility and decide the weight to be given the evidence before it. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

1982, Claimant sustained a work-related injury. Subsequently, Claimant's only income was her workmen's compensation award which amounted to two-thirds of her salary while employed. Claimant experienced financial hardship for this reason. Because of continuing debt and inability to return to work due to the injury, Claimant resigned from her position effective March, 31 1983. This action enabled her to withdraw her own contributions to Employer's retirement fund and use those moneys to repay her debts. Claimant's son and his wife lived with her and helped to incur some of the debts. Employer accepted Claimant's resignation, making it clear that if Claimant desired to return to work in the future she would have to reapply as a new employee.[3]

The record clearly supports the conclusion that Claimant voluntarily terminated her employment; she initiated the severance of the employment relationship and Employer did not do anything which could be understood as discharging Claimant. Our analysis, therefore, must be of whether Claimant's reason for resigning from her employment constitutes necessitous and compelling cause. *See* Section 402(b) of the Law.[4] In order to be eligible for benefits, Claimant must have

[3] Claimant was subsequently authorized by her physician to return to work effective April 20, 1983. Although she reapplied for her former position with Employer Claimant was not hired.

[4] Claimant had the burden of proving that she terminated her employment for necessitous and compelling reasons. *Naylon v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 502, 477 A.2d 912 (1984). Claimant not having prevailed before the Board, we are limited in our review to "determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence." *National Keystone Products v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 408, 410, 458 A.2d 316, 317 (1983). The issue of whether Claimant terminated her employment for cause of a neces-

acted with ordinary common sense in terminating her employment and must have made a reasonable effort to maintain the employment relationship. *Gillooly v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 20, 462 A.2d 958 (1983). In an early analysis of the circumstances under which an employee could sever the employment relationship and yet remain eligible for compensation benefits, our Superior Court stated

> When therefore the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances *compel* the decision to leave employment, the decision is voluntary in the sense that the worker has willed it, but involuntary because outward pressures have compelled it. Or to state it differently, if a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits.

*Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A.2d 898, 903 (1946) (emphasis in original, footnote omitted).[5]

Our Supreme Court has further stated that those circumstances "which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner" are neces-

---

sitous and compelling nature is an issue of law subject to our review. *McNeil v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980).

[5] We note that in the early *Sturdevant Case,* Judge RENO was concerned with reconciling eligibility in certain cases of *voluntary* termination of employment by an employee with the Law's stated purpose of relieving the burden of *involuntary* unemployment. Section 3 of the Law, 43 P.S. §752.

sitous and compelling. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 359, 378 A.2d 829, 832-33 (1977). In *Rose v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 127, 398 A.2d 749 (1979), this Court analyzed the circumstances under which financial difficulties might constitute necessitous and compelling cause for an employee to terminate her employment. We there found that the claimant must have sought to lower her fixed monthly expenses following a change in her financial situation.[6] Because the claimant failed to have done so this Court held that the Board's denial of compensation was supportable.

This court further refined its analysis of the role of economic factors in voluntary termination cases in *Oberholtzer v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 55, 58, 444 A.2d 789, 791 (1982), wherein we stated that "benefits should be denied where the record indicates that (1) continuing work was available, and (2) the claimant made no attempt to modify her economic situation and remain in the area where her employment was." Although Claimant in the instant case did not move away from the area in which she was employed, that analysis is still valid. Continuing work was available to Claimant prior to her resignation. Claimant insists that she did attempt to modify her economic situation by making unavailing attempts to obtain a loan to meet her unexpected expenses,[7] and that such a loan was unattainable because she was not working. The Board

---

[6] In *Rose* the claimant terminated her employment after her husband's death, to move to another state where she owned her own home and where she anticipated that her financial needs would be less.

[7] Claimant testified that in addition to past due amounts on utilities and mortgage payments, she was faced with a major expense because of damage to the roof of her house.

found, however, that Claimant had not successfully shown that there was an unavailing effort to lower her fixed monthly expenses or that her incurred debts were beyond her control. We note, in addition, that there is no record evidence that Claimant sought to find out when she could return to work. Her testimony was that had she known she could return three weeks after her resignation, she would not have resigned. This fact is very significant in light of the statement that Claimant made that her financial problems were primarily a result of her temporary disability and concomitant reduction in income. Finally, there is no evidence as to what steps, if any, Claimant undertook to have her son and his wife share in the responsibility for the financial problem they helped to create.

While it is unfortunate that Claimant was faced with what she regarded as insurmountable financial difficulties, we will not overturn the Board's decision that Claimant failed to meet her burden of proving necessitous and compelling cause for her voluntary termination in the circumstances of this case where Claimant's sole reason for resignation was to enable her to withdraw her retirement fund to ease her current financial situation.[8]

Finding no capricious disregard of competent evidence nor error of law and also that the findings of

---

[8] Although both the referee and the Board at times referred to Claimant's action as voluntary retirement, the record shows that it was properly characterized as a resignation. This Court has previously held that "voluntary retirement is not cause of a necessitous and compelling nature justifying Claimant's reduction of his availability for employment." *Matty v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 311, 312, 457 A.2d 1039, 1040 (1983). The claimant in *Matty* had notified his employer that he would be available for part-time employment only, as a result of having voluntarily retired to receive Social Security benefits.

202

fact are consistent with each other and with the conclusions of law, we affirm.

ORDER

The order of the Unemployment Compensation Board of Review dated September 8, 1983, No. B-222058, is hereby affirmed.