520 A.2d 80

Gail D. Moore, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1986, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Stuart Leon,* with him, *Jonathan M. Levin, Donsky, Levin & Dashevsky, P.C.,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Clifford Blaze,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 13, 1987:

This is an appeal by Gail D. Moore (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which upheld a referee's decision denying Claimant benefits on the basis of Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntarily quitting work without cause of a necessitous and compelling nature).

The referee found that Claimant had been employed as a United States postal clerk for two years. On July 22, 1983 Claimant's brother and sister-in-law were both killed in an airplane crash, leaving two children, ages two and five. Claimant took a leave of absence from her position in order to attend to matters pertaining to the accident, including obtaining legal guardianship of her two nieces. During the six-month period following the tragedy, her employer repeatedly sought from Claimant evidence justifying her continued need to be out of work, and eventually indicated that if she did not supply such information she could be dismissed from her position. The referee made no finding as to whether Claimant supplied any documentation although Claimant, who was the only witness at her hearing, testified that she did. She further testified and the referee found that she eventually resigned from her position in January of 1984 in order to avoid having a discharge on her employment record. Claimant did not assert below that her quit was anything other than voluntary. At the time she resigned, Claimant was not prepared to return to work on any shift nor was she certain when she would be available to return to work. The referee also found

that, although Claimant had a brother and two sisters, it was she who voluntarily chose to seek guardianship of her two nieces. In his discussion of Claimant's decision to seek guardianship of the children, the referee wrote:

> While such motivation is laudible (sic), it does not constitute sufficient cause of a necessitous and compelling nature to justify the payment to claimant of unemployment compensation benefits upon her resignation for such purpose. Claimant has made no efforts to work around her problems, and alludes only to the necessity of her presence because of psychological factors affecting the children. Claimant has not presented any medical or psychological evidence that such was necessary. All in all, claimant has not demonstrated a bona fide attempt, or even desire, to maintain employment.

In a voluntary quit case the claimant bears the burden of proof, *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), and on appeal our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704. Claimant argues before us that her seeking guardianship of the children and her setting up a home for them constitute necessitous and compelling reasons for her quit. In support of her argument she relies upon *Hospital Service Association of Northeastern Pennsylvania v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 165, 476 A.2d 516 (1984). *Hospital Service* held that employees who quit their jobs to care for small children *may* have cause of a necessitous and compelling nature for their actions and, hence, be legally entitled to benefits. *See also Blakely v. Unemployment*

*Compensation Board of Review,* 76 Pa. Commonwealth Ct. 628, 464 A.2d 695 (1983). In *Hospital Service,* employees' shift hours were changed, creating insurmountable child care problems during shifts other than the shifts worked by the claimants, but the employees continued to remain available for work during their regular shifts. Claimant here, by her own admission, was unavailable for *any* shift.

Furthermore, Claimant's testimony was lacking in many specifics. She asserted that she was concerned with the emotional well-being of the two children and did not want to leave them. As the referee noted, however, there is no evidence, medical or otherwise, that the children would be psychologically damaged if left in the care of other persons or relatives. We believe that the instant case is similar to *Davis v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 585, 452 A.2d 93 (1982), wherein a claimant quit work to care for her ill husband. In that case the claimant introduced medical testimony of the husband's illness but there was no Board *finding* on the specific issue of whether the claimant's husband needed constant attention. Accordingly, this Court remanded for a finding on that point. In the case at bar, however, there has been no medical or other similar *testimony* that the children, for psychological reasons, needed to remain only with their aunt or were in need of Claimant's constant attention. The record contains only Claimant's general statements that she believed that the children's well-being necessitated her constant presence and, therefore, a remand, as was ordered in *Davis,* would not prove helpful here.

Our refusal to allow the grant of benefits where specificity is lacking in a claimant's testimony is documented in other domestic quit cases as well. *See, e.g., Kieley v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 618, 471 A.2d 1345

(1984) (claimant with two ill parents testified only that her home responsibilities were taking care of the house, laundry, cleaning, etc. failed to prove that quit was necessitous and compelling); *Renosky v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 620, 434 A.2d 887 (1981) (where claimant's testimony of father's ill health and mother's ability to cope with emergencies lacked specificity, his burden under Section 402(b) was not met); *compare King v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 396, 414 A.2d 452 (1980) (claimant who was separated from her husband and whose work hours were altered by her employer met burden to show that her failure to report for work was not willful misconduct, but was for good cause by testifying that she lived alone with two young children in a dangerous residential neighborhood and that she had exhausted all child care sources within her means including friends, neighbors, relatives and day care centers).

While we agree with the referee that Claimant's motives are praiseworthy, the unfortunate fact is that she has failed to present with any specificity an explanation as to why she alone *had* to assume responsibility for the children[1] and why her absence from them might be detrimental to them.

Accordingly, the order of the Board is affirmed.

ORDER

Now, January 13, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[1] Necessitous and compelling cause for leaving employment results from circumstances that produce pressure to terminate that is both real and substantial and that would compel a reasonable person in like circumstance to act in a similar manner. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).