532 A.2d 952

Barbara H. Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 9, 1986, before Judges CRAIG, DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Ronald W. Freeman,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 28, 1987:

Barbara Robinson (Petitioner) petitions for review of an order of the Unemployment Compensation Board of Review (Board), which denied her benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) (voluntary termination without cause of a necessitous and compelling nature).

The pertinent facts as found by the referee are as follows:

1.   Claimant was last employed by the City of Philadelphia, Department of Human Services for 10 years. Her final position was as a social services supervisor at an annual salary of $30,665. Her last day of work was October 26, 1984.

2.   Claimant was scheduled to work Monday to Friday 8:30 A.M. to 5 P.M.

3.   Claimant was a permanent employee with civil service status.

4.   On October 10, 1984 claimant tendered her letter of resignation as follows: 'I am offering my resignation effective October 26, 1984, which will be my last working day with the City of Philadelphia, Department of Human Services, Adult and Family Services Division. It has indeed been a pleasure working for the agency these last 10 years. I especially enjoyed working with the Intake Unit and feel that it was quite a learning experience as well as a productive one. I have appreciated the support of the entire agency during my tenure.'

5.   Claimant voluntarily terminated her employment in order to relocate to Morrisville, North Carolina to care for her father who was in ill health.

6. Prior to leaving, claimant did not request a leave of absence to retain her employment status.

7. Claimant was not laid off or discharged, and continuing work was available.

The Petitioner contends that the referee and the Board "capriciously disregarded" evidence in concluding that she lacked the requisite cause of a necessitous and compelling nature to voluntarily terminate her employment, because the record establishes that she left to care for her chronically ill father.[1]

Preliminarily, we note that in cases involving domestic reasons for quitting, it is the claimant's burden to prove that the reasons motivating the quit were both real and substantial and were such that would compel a reasonable person under similar circumstances to act in the same manner. *Stevens v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 239, 473 A.2d 254 (1984). We also note that the referee here found, as fact, that the Petitioner left her employment to "care for her father who was in ill health." Therefore, the Petitioner's claim that the referee ignored such evidence is without merit. Accordingly, we must determine whether the Board erred, as a matter of law, in concluding that the Petitioner did not have a necessitous and compelling reason for voluntarily terminating her employment. *See McNeil v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980).

In order to be eligible for benefits under Section 402(b), the Petitioner must have acted with ordinary

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or the necessary findings of fact are supported by substantial evidence on the record. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

common sense in terminating her employment, must have shown that she had no real choice but to leave her employment, and must have made a reasonable effort to maintain the employment relationship. *Brown v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 196, 496 A.2d 1303 (1985); *Gillooly v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 20, 462 A.2d 958 (1983).

We acknowledge that the Petitioner's motives were indeed praiseworthy. But, unfortunately for the Petitioner, the Law operates to deny benefits under Section 402(b) except in instances where a quit is for necessitous and compelling reasons. Here, the referee found that the Petitioner had not asked for a leave of absence. This fact was freely admitted by the Petitioner in her testimony and hence is supported by substantial evidence. The record also indicates that when the Petitioner's mother had been ill, the Petitioner had taken a more prudent course of action by requesting a leave of absence. Further, the referee found that the Petitioner had not even advised her employer of the reason for her quit, thus forestalling any attempt to accommodate her. Finally, our review of the record discloses that the Petitioner presented no evidence that she had explored alternative options for the care of her father or had considered the possibility of relocating him to Pennsylvania so that she could continue her employment.

We note that there has been no case in Pennsylvania where it has been determined as a matter of law that a claimant's quitting to take care of an ill parent (as opposed to a spouse or minor child) is or is not necessitous and compelling. Rather, the cases have been decided on their individual facts. *See, e.g., Kieley v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 618, 471 A.2d 1345 (1984) (where claimant with two

ill parents quit her job because she "did not feel comfortable being away from home" and because she had home responsibilities such as housecleaning, she did not meet her burden under Section 402(b)); *Renosky v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 620, 434 A.2d 887 (1981) (where claimant asserted that his father was ill and that his mother needed assistance but his testimony did *not* include any indication that he explored alternative solutions, he did not meet his burden under Section 402(b)); *but cf. Morse v. Daniels*, 609 S.W.2d 80 (Ark. Ct. App. 1980) (claimant who presented medical evidence that both parents needed care and was candid with employer when requesting leave by saying she did not know when she could return did meet her burden of proof under Arkansas statute to show that she made reasonable efforts to preserve employment despite personal emergency).

We believe that the facts here most closely parallel those in *Renosky* because the Petitioner did not show that she had no real choice except to leave her employment, nor did she demonstrate a reasonable effort to maintain the employment relationship. Therefore, we hold that benefits were properly denied and, accordingly, affirm the Board.

## ORDER

NOW, October 28, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent.

The majority concludes that the petitioner was properly denied benefits because she failed to show that she had no real choice except to leave her employment and

because she made no reasonable effort to maintain the employment relationship.

Preliminarily, I would note that a claimant is under no duty to request a leave of absence, where, such a request may be futile. *See Evasovich v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 395, 471 A.2d 921 (1984); *see also Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). Furthermore, the record here indicates that the petitioner testified that her father's illness was serious, that she planned to stay with him *permanently* at his home in North Carolina, where she also had a step-brother residing, and that she did not request a leave of absence although she had been previously granted one. The record, however, is silent as to whether or not the petitioner could have moved her father to Philadelphia, so as to enable her to maintain her employment. And, although the referee made no findings on any of these questions, he concluded that, inasmuch as she had failed to request a leave of absence, she voluntarily terminated her employment without cause of a necessitous and compelling nature.

I believe, therefore, that the referee failed to make the findings necessary to enable him to determine whether or not a request for a leave of absence would have been futile.

Accordingly, I would remand this matter to the Board for those necessary findings.