**Joseph DRAPER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 4, 1998.

Decided Sept. 23, 1998.

Shelly Farber, Media, for petitioner.

Sarah C. Yerger, Harrisburg, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether Joseph Draper (Claimant) terminated his employment with Frankel Chevy Buick, Inc. (Employer) for reasons of a necessitous and compelling nature, thus entitling him to benefits under the Unemployment Compensation Act.[1] Because he did not, the decision of the Unemployment Compensation Board of Review (Board), which denied benefits, is affirmed.

The relevant facts are as follows. Claimant was employed as a department manager for Employer until August 22, 1997, at which time he resigned in order to move to Virginia. At that time, Claimant's ill 95–year–old mother lived in Virginia with his sister, but his sister was becoming increasingly unable to care for his mother. Claimant purchased a home in Virginia and moved his mother into his home where she is now cared for by Claimant and his wife. In addition to his sister, Claimant also has two brothers in Virginia, but Claimant testified that neither of them is capable of taking care of his mother.

Claimant subsequently filed for unemployment compensation benefits with the Interstate Claims Office on the grounds that, although he voluntarily quit his job with Employer, he did so for a necessitous

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

and compelling reason, i.e., the necessity to move to Virginia to take care of his mother. The Interstate Claims Office denied the claim, and a hearing was held before a referee on March 10, 1998.

At the March 10 hearing, Claimant testified as follows in response to questions from the referee:

Q. All right. Now, Mr. Draper, tell me clearly when you realized your mother couldn't live with your sister down [in Virginia] any longer[.] [R]ather than quitting your job [in Pennsylvania] why didn't you bring your mother up here to live?

A. Well, I had made plans to just go down [there].

Q. . . . Why did you decide to go to Virginia rather than bringing your mother up to Pennsylvania?

A. Well, [Virginia] is where I thought I was going to find myself a job . . . and . . . because all my family is here also.

\* \* \* \*

Q. What I'm asking you, sir, is why didn't you bring your mother to [Pennsylvania] instead of you resigning your job to move to Virginia.

\* \* \* \*

A. Sir, here [in Virginia] I had purchased my property . . . and I wanted to be here with [my mother] and I felt this was where I was going to be located.

By decision dated March 12, 1998, the referee denied benefits. Claimant appealed to the Board, which affirmed on May 6, 1998, adopting the opinion of the referee.

On appeal to this Court,[2] Claimant argues that caring for his ill mother constituted a necessitous and compelling reason for terminating his employment and moving to Virginia. The Board acknowledges that domestic circumstances can indeed rise to the level of necessitous and compelling reasons for terminating one's employment, but argues that

the facts of this case do not support such a conclusion.

■■■ A claimant who voluntarily terminates his employment yet seeks to receive unemployment compensation benefits bears the burden of proving that he quit for cause of a necessitous and compelling nature. *Lee Hospital.* Cause of a necessitous and compelling nature is such cause as results from overpowering circumstances that produce both real and substantial pressure to terminate employment and that would compel a reasonable person to terminate employment. *Id.* Cause of a necessitous and compelling nature may arise from purely domestic circumstances and need not be related to a claimant's employment situation. *Green v. Unemployment Compensation Board of Review,* 108 Pa.Cmwlth. 216, 529 A.2d 597 (1987).

■■■ The question of whether quitting one's employment to care for an ill parent constitutes cause of a necessitous and compelling nature must be decided on the specific facts of each individual case. *Kieley v. Unemployment Compensation Board of Review,* 80 Pa.Cmwlth. 618, 471 A.2d 1345 (1984). A claimant who terminates his employment to care for a chronically ill parent cannot be said to have done so for cause of a necessitous and compelling nature unless he has given the employer an opportunity to accommodate him, has explored alternative options for care of the parent, or has considered the possibility of relocating the parent so that he can continue his employment. *Robinson v. Unemployment Compensation Board of Review,* 110 Pa.Cmwlth. 474, 532 A.2d 952 (1987).

■■ In this case, we find it likely that Claimant did in fact move to Virginia primarily because he wanted to take care of his ill mother, and such a commitment is certainly laudable. However, this does not entitle Claimant to unemployment compensation benefits absent evidence that Claimant explored other options less drastic than quit-

---

**2.** Our review is limited to determining whether constitutional rights were violated or errors of law committed and whether essential findings of fact are supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review,* 161 Pa.Cmwlth. 464, 637 A.2d 695 (1994).

ting his job, such as purchasing a home in Pennsylvania in which to care for his mother or asking Employer for a leave of absence or some other accommodation. Had Claimant presented evidence that he explored such options and found them to be fruitless, then his termination of employment and move to Virginia might have been found "necessitous and compelling." Not having done so, we conclude that the Board did not err in concluding that Claimant failed to sustain his burden of proving that he terminated his employment for cause of a necessitous and compelling nature.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 23rd day of September, 1998, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.