IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna B. Beers,                          :
               Petitioner              :
                                    :
               v.                      :
                                      :
Unemployment Compensation               :
Board of Review,                        :  No. 380 C.D. 2015
               Respondent              :  Submitted: June 26, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                 FILED:  August 3, 2015

Anna Beers (Claimant), appearing *pro se*, challenges the order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's determination that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]

The facts, as initially found by the Referee and confirmed by the Board, are as follows:

> 1. The Claimant was last employed as a full-time CNA [Certified Nursing Assistant] with Golden Living from August 9, 2010 until October 27, 2014, at a final rate of pay of $13.75 per hour plus $1.25 per hour shift differential.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

2. The Claimant was on approved leave under the Family Medical Leave Act (FMLA)[2] beginning August 18, 2014, for her own serious health issue.

3. This was the Claimant's third leave of absence under FMLA since she began her employment in 2010.

4. On Friday, October 24, 2014, the Claimant went into the office to tell the Executive Director that she needed three days off the following week due to medical appointments for her mother and son.

5. The Claimant wanted to request FMLA for her mother's and son's health issues.

6. The Executive Director advised the Claimant to contact the HR Office that handled FMLA.

7. The HR Office explained it could take a few weeks for the paperwork to be processed so she needed to speak with the Executive Director regarding her request for time off.

8. On Monday, October 27, 2014, the Claimant submitted a written resignation which stated 'I Anna B. Beers resigned my position as CNA as of 10/27/2014.'

9. The Claimant was still on FMLA when she resigned.

10. The Claimant was not told she was being discharged.

11. Continuing work was available.

Referee's Decision, December 19, 2014, (Referee Decision), Findings of Fact (F.F.) Nos. 1-11 at 1-2.

---

[2] 29 U.S.C. §§ 2601-2654.

The referee determined:

> In the present case, the claimant testified that she resigned because she needed to take three days off for personal issues. The Claimant was on a leave of absence at the time she requested time off. The Claimant had three separate periods of using FMLA, so she should have been aware of the process. The Referee does not find the Claimant's testimony to be credible that she was told she could be discharged if she took three days off. The Claimant was not scheduled for work for the days she requested to be off.
>
> The Employer credibly testified that the Claimant was still on FMLA and did not have a firm return to work date when she asked about taking leave the following week. The Employer did not have the Claimant scheduled for work for the time she had medical appointments for her family members and was not aware of any release from her doctor which would have allowed the Claimant to return to work.
>
> The Claimant has not sustained her burden to show that circumstances existed which produced real and substantial pressure to terminate her employment or that she made a reasonable effort to preserve the employment relationship. Accordingly, the Claimant is ineligible for benefits under Section 402(b) of the [Law].

Referee Decision at 2.

Claimant appealed to the Board, which affirmed the Referee's Decision: "The [Board], after considering the entire record in this matter, concludes that the determination made by the Referee is proper under the [Law]. Therefore, the Board adopts and incorporates the Referee's findings and conclusion, and enters the following order: The decision of the Referee is affirmed." Board Order, February 2, 2015, (Board Order), at 1.

Claimant appealed to this Court and presents two issues for review.[3] Claimant contends that the Board erred when it found that Claimant was ineligible for benefits under Section 402(b) of the Law and that the Board's findings of fact were not supported by substantial evidence.

## I. Whether Claimant Was Eligible For Benefits Under Section 402(b) Of The Law?

Section 402(b) of the Law, 43 P.S. § 802(b), provides that an employee shall be ineligible for compensation for any week "in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." "Necessitous and compelling" has been defined by our Pennsylvania Supreme Court as "circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." Taylor v. Unemployment Compensation Board of Review, 378 A.2d 829, 832-833 (Pa. 1977). In order to be eligible for compensation under Section 402(b) of the Law, the claimant must have acted with ordinary common sense in terminating employment, the claimant must show there was no real choice but to leave the employment and the claimant must have made a reasonable effort to maintain the employment relationship. Robinson v. Unemployment Compensation Board of Review, 532 A.2d 952, 953 (Pa. Cmwlth. 1987).

---

[3] In unemployment compensation cases, this Court's review is to determine whether the order of the Board was supported by substantial evidence, whether the adjudication was in accordance with the law, and whether constitutional rights were violated. 2 Pa. C.S. § 704; Devine v. Unemployment Compensation Review Board, 101 A.3d 1235, 1237 (Pa. Cmwlth. 2014).

4

In the present controversy, Claimant testified regarding her resignation:

> I had [gone] in and spoke with Wanda Page [Executive Director for Golden Living William Penn] about getting family medical leave. My mother had to have cancer removed off her face and my son started taking seizures on October 19th. I had to take him out of town to a doctor. I went in to get the family medical leave. Wanda didn't know how I'd go about it. She was very short with me, was going to speak to me in the hall. I asked if we could go in private. Then I called the family medical leave and Wanda also told me it would take three weeks to get the paper and that the three days I needed off, they could be charged if paperwork wasn't filled out and you could be terminated. So I, at 53 years old and in nursing all my life, I wasn't going to get terminated.

Notes of Testimony, December 16, 2014, (N.T.), at 7.

Claimant also felt that Golden Living William Penn (Employer) was seeking to terminate her: "[Wanda Page] told me if I took three days off, that I could be terminated. Because I told her the dates, and I mean, it was all unexpected." N.T. at 11. Claimant testified that Wanda Page did not have any issues with her attendance or performance and "I have no idea besides the fact they were extremely short and I'm not in their clique at this point. I …had problems like three weeks before that within the office." N.T. at 9.

In rebuttal, Wanda Page testified:

> She came into my office and she said that… she was on a medical leave for her foot. She was saying that … she was eligible at that point in time to have surgery on her foot, but then she couldn't have surgery on her foot because she had some other family issues that she had to take care of…. She wanted to transfer from her medical

5

leave to a personal leave after she had already been out of our facility for eight weeks on a leave.

N.T. at 13-14.

Wanda Page testified that Claimant was on FMLA leave for eight weeks[4] and "[p]lus through their Union, they have additional leaves. So it gets that she could have extended it even further than the twelve weeks based on her Union contract." N.T. at 14-15. Additionally, Wanda Page testified regarding Claimant's job performance: "[Claimant's] performance was exemplary. We have no disciplinary actions in her file and would have, you know, loved for her to be working here with us." N.T. at 15.

A claimant has the burden of proving that the reasons which motivated the quit were both real and substantial and was of such nature that would compel a reasonable person under similar circumstances to act in the same way. Robinson v. Unemployment Compensation Board of Review, 532 A.2d 952, 953 (Pa. Cmwlth. 1987) citing Stevens v. Unemployment Compensation Board of Review, 473 A.2d 254 (Pa. Cmwlth. 1984). The Board is the ultimate fact-finder and has exclusive power to resolve conflicts in the evidence and to decide witness credibility and the weight to be accorded to the evidence. Wise v. Unemployment Compensation Review Board, 111 A.3d 1256, 1261-1262 (Pa. Cmwlth. 2015) citing Ductmate Industries, Inc. v. Unemployment Compensation Board of Review, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). The findings of fact by the

---

[4] The FMLA provides for twelve work-weeks of leave during any twelve month period. 29 U.S.C. § 2612(a)(1). The Claimant in this controversy was apparently entitled to an additional four weeks of leave under the FMLA.

Referee, and adopted by the Board, revealed that the Claimant was already on FMLA leave and could have taken her mother and son to their respective medical appointments without resorting to quitting her job or requesting additional FMLA leave. The reasons provided by the Claimant were not of a necessitous and compelling nature that would cause a reasonable person in similar circumstances to act in the same way. This Court concurs with the Board that Claimant was not eligible for compensation under Section 402(b) of the Law.

## II. Whether The Board's Findings of Fact Are Supported By Substantial Evidence?

Claimant contends that the Board erred when it found there was insufficient evidence that the Claimant's mother and son had health problems which required the Claimant's presence. In support, Claimant submitted documentation of her mother and son's medical issues. Claimant testified that she was the primary caregiver of her mother. N.T. at 8. Employer did not dispute this fact. See F.F. No. 5, at 1.

Here, the issue is whether the resignation of the Claimant was motivated by reasons that were substantial and real and were of such a compelling and *necessary* nature to compel a reasonable person to act in a similar way under similar circumstances. The key word here is *necessary*. While the care of ill family members was substantial and compelling, Employer did not contest that Claimant's presence was needed to care for them. However, it was not *necessary* for the Claimant to resign from her employment to attend their scheduled appointments. She was not scheduled to work.

The Board's findings of fact are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. Guthrie v. Unemployment Compensation Board of Review, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). "Substantial evidence" is such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Id. In deciding whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, in this case, the Employer, giving that party the benefit of any inferences which can be logically and reasonably be drawn from the evidence. Stugart v. Unemployment Compensation Review Board, 85 A.3d 606, 610 (Pa. Cmwlth. 2014). Here, there was substantial evidence to support the Board's denial of compensation.

Accordingly, the Order of the Board is affirmed.


_____
BERNARD L. McGINLEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna B. Beers,                           :
               Petitioner        :
                                     :
           v.                       :
                                     :
Unemployment Compensation                :
Board of Review,                         :   No. 380 C.D. 2015
             Respondent        :

# **O R D E R**

AND NOW, this 3rd day of August, 2015, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge