IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynne M. Bell,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 1208 C.D. 2017
                                        :  Submitted:  March 2, 2018
Unemployment Compensation               :
Board of Review,                        :
                                        :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  May 22, 2018


          Lynne M. Bell (Claimant) petitions *pro se* for review of an order of the

Unemployment Compensation (UC) Board of Review (Board), which held that

Claimant is ineligible for benefits under Section 402(b) of the Unemployment

Compensation Law (Law).[1]  We affirm.

          Claimant worked for the University of the Sciences (Employer) as a full

time international student specialist for 23 years.  Claimant voluntarily terminated

her employment effective October 28, 2016, in order to relocate to Georgia with her

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(b).  Section 402(b) of the Law provides that an employee shall be ineligible for compensation
for any week in which her unemployment "is due to voluntarily leaving work without cause of a
necessitous and compelling nature."

spouse. By Notice of Determination dated March 2, 2017, the Erie UC Service Center determined that Claimant was ineligible for benefits under Section 402(b) of the Law. The notice contained appeal instructions indicating that the last day to file a timely appeal was March 17, 2017.[2] Claimant filed an appeal from the Service Center's determination on March 28, 2017.

Claimant subsequently received a Notice of Hearing advising her that the issues to be considered on appeal included the timeliness of her appeal as well as her eligibility for benefits under Sections 402(b), 402(e), and 401(d) of the Law, 43 P.S. §§802(b), 802(e), and 801(d) (related to voluntary termination, willful misconduct, and availability for work). A referee held a hearing on April 18, 2017. Employer's witness attended the hearing. Claimant, who had moved from Philadelphia to Georgia, and Employer's representative participated by telephone.

Claimant testified that her father, who suffered from amyotrophic lateral sclerosis, had lived in Philadelphia with a caregiver. Claimant discovered that the caregiver was using drugs and inviting drug addicts into her father's home. She also learned that the house was becoming dilapidated and infested with mice. Claimant filed a complaint with the Philadelphia police, but she was unable to have

---

[2] Section 501(e) of the Law provides in relevant part:

> (e) Unless the claimant ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department ... within fifteen calendar days after such notice ... was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e).

the caregiver removed from the home. Claimant's father also owned an unoccupied home in Georgia, which Claimant and her husband frequently visited to check on.

Claimant testified that she and her husband decided to move with her father to his house in Georgia. She said that she put the Philadelphia house up for sale, and her husband sought a transfer through his employer. Claimant's husband obtained a new position and moved to Georgia in early September 2016. Her father passed away on September 23, 2016. On October 12, 2016, Claimant submitted a resignation letter to Employer giving two weeks' notice.

Claimant stated that she resigned because she had already placed the Philadelphia property up for sale, she wanted to be with her husband, and she did not think a commute between Philadelphia and Georgia was feasible. Claimant also testified that she and her husband could not afford to carry and maintain two properties. She added that they did not consider staying in Philadelphia after her father died because her husband had already changed jobs and relocated. Claimant further testified that she did not initially consider caring for her father in her Philadelphia home because there was not enough room and she had no relatives who could look after the property in Georgia.

Kristen Torpey, Employer's Human Resources Generalist, read part of Claimant's resignation letter into the record. The letter stated that Claimant was giving two weeks' notice of her resignation and vacating her position in order to move to Georgia, "where her husband, Bob, has been offered a position with the Georgia World Conference Center, and I will pursue my dream of opening my own dinner theater." Notes of Testimony, 4/18/17 (N.T.) at 18.

Following the hearing, the referee issued a decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Law. Claimant

3

appealed to the Board, which vacated the referee's decision, reinstated Claimant's appeal, and concluded that Claimant was ineligible for benefits under Section 402(b) of the Law.

> Specifically, the Board found as follows:
>
> 1. The claimant was last employed as an international student specialist by the University of the Sciences from June 2, 1993, at a final rate of $39,900.00 per year and her last day of work was October 28, 2016.
>
> 2. The claimant's father lived in a separate house in Philadelphia that was owned by the claimant.
>
> 3. The claimant's father also owned a home in Georgia.
>
> 4. The claimant's father suffered from Lou Gehrig's disease and had a caregiver living with him.
>
> 5. The claimant found out that the caregiver used drugs and invited drug addicts into the house where her father was; also the house was becoming dilapidated and infested with mice.
>
> 6. The claimant filed a complaint with the Philadelphia police department but she could not have the caregiver removed from the property.
>
> 7. Rather [than] have her father move in with her and her husband in Philadelphia and hire a new caregiver, the claimant and her husband decided to move down to Georgia with her father and live at her father's home.
>
> 8. The claimant's husband secured a transfer through his employer and obtained a position in Georgia in early-September 2016.
>
> 9. The claimant's father passed away on September 23, 2016.

4

10. On October 12, 2016, the claimant informed the employer of her intent to resign her employment as of October 27, 2016, to move to Georgia to be with her husband who had previously relocated and to open a dinner theater.

11. On March 2, 2017, the Erie UC Service Center mailed a Notice of Determination to the Claimant's last known mailing address, which found the claimant ineligible for benefits under Section 402(b) of the Pennsylvania Unemployment Compensation Law.

12. Said determination contained appeal instructions which indicated the last day to file a timely appeal was March 17, 2017.

13. The claimant was having difficulty receiving her mail and she was never in receipt of the determination mailed on March 2, 2017.

14. The claimant learned of the determination on March 28, 2017, and immediately filed an appeal.

Board's Opinion, 7/14/17, at 1-2.

Based on these facts, the Board determined that Claimant's appeal was timely under the provision of Section 501(e) of the Law. However, the Board concluded that Claimant did not demonstrate necessitous and compelling cause for quitting her position because she failed to provide sufficient credible evidence that she could not make other arrangements for her father in Philadelphia and, thus, had no other reasonable alternative but to move to Georgia. The Board also concluded that the decision by Claimant and her husband to relocate to her father's home in Georgia was a matter of personal choice. The Board observed that after Claimant's father passed away, his welfare was no longer a reason to move, and Claimant's husband made no effort to be transferred back to Philadelphia after her father's

5

death. Thus, the Board held that Claimant was ineligible for benefits under Section 402(b) of the Law.

Claimant now petitions this Court for review.[3] On appeal, Claimant argues that the Board erred in concluding that she did not have necessitous and compelling reason to terminate her employment.

Under Section 402(b) of the Law, a person is ineligible for unemployment benefits if she voluntarily terminates her employment without cause of a necessitous and compelling nature. The burden of proof rests on the claimant to demonstrate necessitous and compelling cause. *Dopson v. Unemployment Compensation Board of Review*, 983 A.2d 1282, 284 (Pa. Cmwlth. 2009). Necessitous and compelling cause "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the same circumstances to act in the same manner." *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 654 A.2d 280, 282 (Pa. Cmwlth. 1995) (quoting *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832-33 (Pa. 1977)). Whether a

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Rodriguez v. Unemployment Compensation Board of Review*, 174 A.3d 1158, n.5 (Pa. Cmwlth. 2017). Additionally, the Board is the factfinder in unemployment cases, empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). The Board's findings are binding on appeal if they are supported by substantial evidence. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). We view the record in the light most favorable to the party prevailing before the Board and afford that party the benefit of all reasonable inferences that can be drawn from the record to determine if substantial evidence exists. *Big Mountain Imaging v. Unemployment Compensation Board of Review*, 48 A.3d 492, 494-95 (Pa. Cmwlth. 2012).

claimant has a cause of a necessitous and compelling nature to voluntarily leave her employment is a question of law subject to this Court's review. *Pennsylvania Gaming Control Board v. Unemployment Compensation Board of Review*, 47 A.3d 1262, 1265 (Pa. Cmwlth. 2012).

"The question of whether quitting one's employment to care for an ill parent constitutes cause of a necessitous and compelling nature must be decided on the specific facts of each individual case." *Draper v. Unemployment Compensation Board of Review*, 718 A.2d 383, 385 (Pa. Cmwlth. 1998). "A claimant who terminates his employment to care for a chronically ill parent cannot be said to have done so for cause of a necessitous and compelling nature unless he has given the employer an opportunity to accommodate him, has explored alternative options for care of the parent, or has considered the possibility of relocating the parent so that he can continue his employment." *Id.*; *Robinson v. Unemployment Compensation Board of Review*, 532 A.2d 952, 953 (Pa. Cmwlth. 1987).

Here, Claimant testified that she needed to care for her ill father and remove him from his current living situation. However, she offered no evidence that she explored any alternatives to relocating to Georgia and quitting her job. Further, after Claimant's father died, the need to care for him was no longer a reason to terminate her employment.

Of course, by that time, Claimant's husband had moved to Georgia, and the Board considered whether that change in circumstances established necessitous and compelling cause for Claimant to quit her employment. Under the "follow-the-spouse" doctrine, a claimant may establish necessitous and compelling cause to voluntarily terminate her employment by showing: (1) an economic hardship in maintaining two residences or that the move has resulted in an insurmountable

commuting problem; and (2) the transition was caused by circumstances beyond the spouse's control and not brought about by purely personal preference. *Rodriguez v. Unemployment Compensation Board of Review*, 174 A.3d 1158, 1163 (Pa. Cmwlth. 2017); *Lechner v. Unemployment Compensation Board of Review*, 639 A.2d 1317, 1319 (Pa. Cmwlth. 1994).

Claimant testified that her husband's move to Georgia created an insurmountable commuting problem and that they could not afford to maintain two households. However, because Claimant did not explore options other than moving to her father's property in Georgia, such as moving with her father to a larger home in Philadelphia, she did not demonstrate that her husband's move was due to reasons beyond his control. Thus, Claimant failed to establish necessitous and compelling cause to terminate her employment under the follow-the-spouse doctrine. *Rodriguez*; *Lechner*.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynne M. Bell,            :
                                   :
              Petitioner   :
                                     :
                 v.          : No. 1208 C.D. 2017
                                     :
Unemployment Compensation   :
Board of Review,               :
                                     :
           Respondent :

## O R D E R

AND NOW, this <u>22nd</u> day of <u>May</u>, 2018, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge