IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paula Y. Caruso,                    :
          Petitioner        :
                            :
          v.               :    No. 1917 C.D. 2015
                            :    Submitted: February 5, 2016
Unemployment Compensation   :
Board of Review,             :
          Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: May 23, 2016

Paula Caruso (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her request to backdate her application for unemployment compensation benefits to cover a 12-week period. In doing so, the Board affirmed the Referee's decision that Claimant failed to prove that she was eligible to backdate her application under the applicable regulation of the Department of Labor and Industry. For the reasons that follow, we affirm.

In January of 2014, Claimant applied for unemployment benefits following her separation from employment with Zlotoff, Gilbert & Gold. The Board ultimately held that Claimant was eligible for benefits effective January 12, 2014. Claimant's benefit year for that claim ended January 10, 2015.

Between March and December of 2014, Claimant was employed by Exel, Inc. Following her separation from employment with Exel, Claimant filed a bi-weekly claim for benefits for weeks ending January 3 and 10, 2015;

presumably, although the record is not clear, she filed this claim under her still open claim against her prior employer Zlotoff, Gilbert and Gold. The UC Service Center put Claimant's claim on hold. Nevertheless, Claimant attempted to file another bi-weekly claim via telephone for benefits for weeks ending January 17, 2015, and January 24, 2015, after the benefit year on her Zlotoff claim had ended. When Claimant logged into the system, a representative informed her that she needed to call the UC Service Center. At approximately the same time, the UC Service Center issued a notice of determination finding Claimant to be ineligible for benefits based on her separation from employment with Exel.

Claimant appealed the UC Service Center's determination. Shortly thereafter, the Referee held that Claimant was ineligible for benefits based on her separation from Exel. On May 18, 2015, the Board reversed the Referee's decision and held that Claimant was eligible for benefits. On May 26, 2015, Claimant contacted the UC Service Center by phone and requested that it backdate her application for benefits as effective January 11, 2015, and backdate her claims for weeks ending January 17, 2015, through April 4, 2015. The UC Service Center denied Claimant's request. Claimant appealed, and the Referee conducted an evidentiary hearing on July 15, 2015, on Claimant's backdating request.[1] Neither of Claimant's employers appeared at the hearing.

Claimant testified as follows regarding why she did not file a new claim for benefits against Exel until May of 2015:

> I have been calling the UC Center, Lancaster. Could never get through to file on the PAT System. When I finally -- and plus I

---

[1] The Referee attempted to conduct the hearing on June 26, 2015, but decided to continue the hearing for the purpose of obtaining additional information on Claimant's claim history.

didn't have access to a phone. I was basically homeless, unable to contact the UC at that point but when I did call it would not allow me to access my information over the phone. And then I finally got through to someone. I don't recall the date. This has been ongoing. There's been a lot of different scenarios as far as based off my paperwork it's hard to follow for me but I do recall -- I don't recall them telling me when I had to open the Claim and that sort of thing. So I didn't know why PAT -- I couldn't get through the PAT System, and I kept calling and then I was unable to call, to be very honest because I had no phone. I was homeless, basically living out of my car. Then when I finally got a little bit of this thing going on and I got the approval on the last -- the Claim, I thought that was for the whole time you know separation through Exel not just four weeks. So then they told me you should open a Claim I'm like well I don't remember being told that.

Notes of Testimony, 7/15/2015, at 5. Claimant could not remember the exact dates she tried calling or how many times she attempted to call the UC Service Center. Claimant admitted that she did not consider going to the UC Service Center in person. Claimant also testified that she was incarcerated for a short time during the relevant time period.

On July 20, 2015, the Referee denied Claimant's request to backdate her application for benefits and claims thereunder. The Referee reasoned:

> In the present case, the Claimant testified that she was unaware that she needed to open a new claim in January 2015, after the January 2014 claim had ended. The Claimant further testified that she was unable to get through to the UC Service Center and then did not have a phone because she could not afford it, so she had no way to contact the UC Service Center. However, the Claimant was able to file an appeal of the Referee's Decision to the Board of Review in March 2015. The Claimant did not provide testimony to show that she made efforts to use a phone to contact the UC Service Center, including going to the Career Link Office.

> The Claimant's reason for not timely filing her Application for Benefits and her biweekly claims for benefits is not a reason listed in Regulation §65.43(a) which would permit the Referee to grant the Claimant's request to backdate. Therefore, the request for backdating is denied.

Referee's Decision at 3. On August 24, 2015, the Board adopted the Referee's findings and conclusions and affirmed the Referee's order. Claimant now petitions for this Court's review.

On appeal,[2] Claimant argues that the Board erred in denying her request to backdate her application for benefits for her separation from Exel to January 11, 2015, and her claims thereunder for the weeks ending January 17 through April 4, 2015.[3] The Board counters that backdating is allowed only in limited situations. Claimant's reasons for not filing within the correct period do not fit within any of the permitted reasons for backdating. Therefore, it did not err in affirming the Referee's decision. We agree.

The Department has promulgated regulations governing the procedures for applying for unemployment benefits and, specifically, when backdating of an application is permissible. These regulations are found in 34 Pa. Code §65.43a. The general rule is that "[f]or a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid

---

[2] On review, this Court must determine whether the Board's decision is supported by substantial evidence, errors of law were committed, or constitutional rights were violated. *Moore v. Unemployment Compensation Board of Review*, 520 A.2d 80, 82 (Pa. Cmwlth. 1987).

[3] In her brief to this Court, Claimant argues that the Board erred in holding that she was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b), because she lacked necessitous and compelling cause to leave work. Because the Board actually decided the merits of Claimant's appeal in her favor, we need not address this issue.

wages for that week." 34 Pa. Code. §65.43a(a). However, the regulation continues:

> The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).

34 Pa. Code §65.43a(c). Subsection (e) provides as follows:

| Reason for Late Filing | Number of Weeks that can be Backdated |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | 2 |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

34 Pa. Code §65.43a(e).

5

Claimant asserts that her claim should be backdated because she had difficulty navigating the Department's phone system and because she did not always have access to a phone. Although Claimant does not invoke a specific exception in subsection (e), the only possible exception is where "the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault" of her own. 34 Pa. Code §65.43a(e).[4]

We agree with the Board that Claimant did not qualify for this exception. She offered no testimony regarding when she called or how many times she called the UC Service Center. Furthermore, Claimant did not attempt to go to the UC Service Center in person or explain why she could not do so. Claimant may have experienced difficulty in navigating the unemployment system, but we cannot conclude on this record that Claimant made all reasonable and good faith efforts to timely file her application and claims.[5]

---

[4] Even though we conclude that the Board did not err in refusing to backdate Claimant's application, we note that Claimant's application could, at most, be backdated two weeks and not all the way to January 17, 2015.

[5] Though not binding, our decision in *Beck v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 459 C.D. 2013, filed September 11, 2013), is instructive. In *Beck*, the claimant suffered an injury and was discharged by her employer because she could no longer perform her job. The claimant did not immediately file for unemployment benefits because she did not possess a termination letter. Once she received the termination letter, the claimant applied for benefits and sought to backdate her application to include the period where she was unemployed without a termination letter. At a hearing before a referee, the claimant testified that the reason she waited was because she was "unfamiliar with the unemployment compensation system." *Id*., slip op. at 1. The referee and the Board denied the claimant's request to backdate her application. On appeal, this Court affirmed. We explained that

> [the c]laimant did not make any effort to file a timely claim[,] but attributes the
> lack of a timely filing to her unfamiliarity with the unemployment  compensation
> system. Though we are not unsympathetic to the recently unemployed who must,
> often times without the assistance of counsel, navigate what can seem at times to

**(Footnote continued on the next page . . .)**

For these reasons, the order of the Board is affirmed.


_____
MARY HANNAH LEAVITT, President Judge


---

**(continued . . .)**

be a cumbersome benefits system, *we cannot allow a lack of familiarity to be an excuse to permit backdating of benefits*.

*Id.*, slip. op. at 3 (emphasis added). Claimant, like the claimant in *Beck*, did not timely file an application for benefits due to difficulty navigating the unemployment compensation system. Thus, as in *Beck*, Claimant's request to backdate her claim was properly denied.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paula Y. Caruso,      :
    Petitioner   :
          :
   v.      :  No. 1917 C.D. 2015
          :
Unemployment Compensation :
Board of Review,     :
    Respondent  :

# **O R D E R**

AND NOW, this 23rd day of May, 2016, the order of the Unemployment Compensation Board of Review dated August 24, 2015 in the above-captioned matter is hereby AFFIRMED.

_____
  MARY HANNAH LEAVITT, President Judge